———————o———————

## STATE *vs.* WALTER BROWN.

1. RAPE—NATURE AND ELEMENTS.

Rape is the carnal knowledge of a woman by force and against her will; force, either actual or presumptive, being an indispensable element.

2. RAPE—EVIDENCE—BURDEN.

On a trial for rape the burden is on the state to prove to the jury's satisfaction, beyond a reasonable doubt, that the carnal knowledge or sexual intercourse charged was consummated or effected by force and against the will of the prosecutrix, or by putting her in great fear or terror.

3. RAPE—NATURE AND ELEMENTS.

Carnal knowledge of, or sexual intercourse with, a woman, if obtained without the use of force, or with her consent or silent submission, is not rape.

4. RAPE—QUESTIONS FOR JURY.

On a trial for rape, the jury should consider all facts shown by the evidence preceding, attending, and following the act of intercourse, including the conduct of prosecutrix, as indicating whether she resisted the intercourse or consented thereto.

5. CRIMINAL LAW—CONFLICTING EVIDENCE—DUTY OF JURY.

Where evidence is conflicting, if the jury cannot reconcile it, they should accept that which under the circumstances they think most worthy of credit and belief.

6. CRIMINAL LAW—DEGREE OF PROOF REQUIRED.

A person accused of crime is presumed innocent until proven guilty beyond a reasonable doubt; and if the jury have a reasonable doubt of his guilt, the doubt should inure to his benefit, and they should acquit.

7. CRIMINAL LAW—REASONABLE DOUBT.

A doubt which will justify an acquittal must be a real, substantial doubt remaining after careful consideration of all the evidence, and one which reasonable, fair-minded, and conscientious men would entertain after considering the evidence, and not a mere speculative, fanciful, or possible doubt.

(*January* 10, 1912.)

PENNEWILL, C. J., and CONRAD and WOOLLEY, J. J., sitting

*Josiah O. Wolcott*, Deputy Attorney General, for the state

*Wilbur L. Adams* for the prisoner.

INDICTMENT (No. 43; November Term, 1911) for rape. At a Court of Oyer and Terminer, held at Wilmington, New Castle County, January 10, 1912, the prisoner, a colored man, was placed on trial upon the charge of making an assault upon Bettie Bowman, the prosecuting witness, and her the said Bettie Bowman did violently, forcibly and against her will feloniously ravish and carnally know. Verdict, guilty, with recommendation to mercy.

At the trial, the prosecuting witness testified that about four o'clock in the afternoon of the fourteenth day of October, she was walking down the road in Mill Creek Hundred and the prisoner Brown overtook her, began a conversation with her and proceeded to accompany her on her journey along the road until they came to a place where the road passed through a woods, where no one being in sight, the prosecuting witness being the only person present, the prisoner seized her, dragged her into the woods and

there against her will and without her consent, and in spite of her struggles and resistance, had carnal knowledge of her.

The statement of the prosecuting witness that her clothes were more or less disordered and disarranged and her hair in a disheveled condition, due to the struggle with the man by whom she was assaulted, was corroborated by the woman to whose house the prosecuting witness went immediately after the assault and arranged her clothing and reported to the same woman what had happened to her and showing her the condition of her clothing.

The prisoner was seen by other witnesses accompanying the prosecuting witness along the road in question. He was also seen by another witness the afternoon of the assault, coming across a field from the direction of the woods where the assault was alleged to have taken place and about a quarter of a mile therefrom.

The officer who arrested the prisoner stated that at the hearing of the latter, at the office of the Justice of the Peace, the prisoner stated he never saw the prosecuting witness before. The defense was that the prosecuting witness consented to the act committed by the prisoner.

PENNEWILL, C. J., charging the jury:

Gentlemen of the jury:—The indictment in this case charges that the prisoner, Walter Brown, did violently and feloniously make an assault upon Bettie Bowman, the prosecuting witness, and her, the said Bettie Bowman, did violently, forcibly and against her will feloniously ravish and carnally know.

The crime charged is that which is commonly known as rape, and is claimed by the state to have been committed by the prisoner on or about the fourteenth of October last, in a woods near the road leading from a paper mill to Milford Cross Roads, in Mill Creek Hundred, this county.

[1, 2] Rape is the carnal knowledge of a woman by force and against her will. Force, either actual or presumptive, is in legal parlance an indispensable element of rape. In a trial for rape the burden is upon the state to prove to the satisfaction of the jury, beyond a reasonable doubt, that the carnal knowledge or sexual intercourse charged was consummated or effected by force

and against the will of the prosecuting witness, or by putting her in great fear and terror, before a conviction can be had.

The prisoner denies that he committed an assault of any kind upon the prosecuting witness. He admits that he had sexual intercourse with her at the time and place alleged, but insists that such intercourse was had with her consent and not by force or against her will.

[3] If that be true he cannot be found guilty of the crime charged in the indictment, because rape, as we have said, is the carnal knowledge of or sexual intercourse with a woman, by force and against her will. If sexual intercourse is obtained by milder means, or with the consent or silent submission of the female, it cannot constitute the crime of rape in contemplation of law.

The important question, therefore, for you to determine in this case, is whether the sexual intercourse which the prisoner had with the prosecuting witness was had with her consent or by force or against her will.

[4] In determining that question you should consider all the facts and circumstances as disclosed by the testimony. And in such connection you may consider all the facts preceding, attending and following the act of intercourse, including the conduct of the prosecuting witness, as indicating whether she resisted the prisoner's intercourse with her or consented thereto.

[5] In cases where the evidence is conflicting, and the jury are unable to reconcile it, they should accept that testimony which they think, under all the circumstances, is most worthy of credit and belief. If after carefully considering all the testimony in this case you believe beyond a reasonable doubt that the prisoner did have sexual intercourse with the prosecuting witness by force and against her will, your verdict should be guilty; but on the other hand, if you believe that the sexual intercourse which the prisoner had with the prosecuting witness was had with her consent and not against her will, and by force, your verdict should be not guilty.

[6, 7] In conclusion, we say that in every criminal case the accused is presumed to be innocent until his guilt is proved to the satisfaction of the jury beyond a reasonable doubt. If after care-

fully and conscientiously considering and weighing all the evidence in this case, you should entertain a reasonable doubt of the guilt of the prisoner, that doubt should inure to his benefit and your verdict should be not guilty. Of course such a doubt should not be a mere speculative, fanciful or possible doubt, but a real substantial doubt that remains after a careful consideration of all the evidence, and such a doubt as reasonable, fair-minded and conscientious men would entertain after considering all the evidence in the case.

Verdict, guilty, with a recommendation to mercy.